UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSHUA RYAN GROW,

Petitioner,

v.

JAMES DZURENDA, *et al.*,

Respondents.

Case No. 3:17-cv-00637-MMD-WGC

ORDER

**I.     INTRODUCTION**

In this habeas corpus action, brought by Nevada prisoner Joshua Ryan Grow, the Respondents have filed a motion to dismiss. The Court will grant that motion in part and deny it in part, as is explained below.

**II.    BACKGROUND**

On March 1, 2013, Grow was charged by complaint, in a Carson City justice court, with one count of trafficking in a Schedule I controlled substance, 28 grams or more. (*See* Criminal Complaint, Exh. 2 (ECF No. 14-2).) The justice court held a preliminary hearing on April 8, 2013, and, at the conclusion of the preliminary hearing, bound Grow over to the district court. (*See* Transcript of Preliminary Hearing, Exh. 3 (ECF No. 14-3).) In the First Judicial District Court (Carson City), on April 10, 2013, Grow was charged, by information, with trafficking in a Schedule I controlled substance, 28 grams or more. (*See* Criminal Information, Exh. 6 (ECF No. 14-6).)

///

Grow's trial was held on December 17 and 18, 2013. (*See* Transcript of Trial, December 17, 2013, Exh. 28 (ECF No. 14-28); Transcript of Trial, December 18, 2013, Exh. 31 (ECF No. 14-31).) The jury found Grow guilty of the charge in the information. (*See* Verdict, Exh. 36 (ECF No. 15).) Grow was sentenced, on May 19, 2014, to eight to twenty years in prison; a judgment of conviction was filed on May 21, 2014, and an amended judgment was filed on June 5, 2014. (*See* Judgment of Conviction, Exh. 45 (ECF No. 15-9); Amended Judgment of Conviction, Exh. 47 (ECF No. 15-11).)

Grow appealed. (*See* Fast Track Statement, Exh. 55 (ECF No. 15-19).) The Nevada Court of Appeals affirmed the amended judgment of conviction on May 28, 2015. (*See* Order of Affirmance, Exh. 63 (ECF No. 15-27).) Grow petitioned the Court of Appeals for rehearing. (*See* Petition for Rehearing, Exh. 64 (ECF No. 15-28).) On June 29, 2015, the Court of Appeals denied rehearing, but ordered its order of affirmance amended to delete a footnote regarding Grow's sentence. (*See* Order Denying Rehearing and Amending Order, Exh. 65 (ECF No. 15-29).)

On October 1, 2015, Grow filed, in the state district court, a *pro se* post-conviction petition for writ of habeas corpus. (*See* Petition for Writ of Habeas Corpus Post-Conviction, Exh. 73 (ECF No. 16-2).) Counsel was appointed for Grow, and, with counsel, he filed a supplemental petition. (*See* Supplemental Post-Conviction Petition for a Writ of Habeas Corpus, Exh. 78 (ECF No. 16-7).) The state district court held an evidentiary hearing, then denied Grow's petition on September 6, 2016. (*See* Order Denying Petition for Post-Conviction Writ of Habeas Corpus, Exh. 87 (ECF No. 16-16).) Grow appealed. (*See* Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) The Nevada Court of Appeals affirmed the denial of Grow's petition on August 16, 2017. (*See* Order of Affirmance, Exh. 106 (ECF No. 16-35).)

This Court received a *pro se* petition for writ of habeas corpus from Grow, initiating this action, on October 23, 2017 (ECF No. 7). The Court reads Grow's petition to assert the following claims:

1A. Grow's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to request a jury instruction consistent with *Champion v. State*, 490 P.2d 1056 (Nev. 1971).

1B. Grow's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to request a "mere presence" jury instruction.

1C. Grow's federal constitutional rights were violated as a result of ineffective assistance of his appellate counsel, on account of his appellate counsel's failure to claim, on his direct appeal, that his federal constitutional right to due process of law was violated by the lack of a jury instruction consistent with *Champion*.

1D. Grow's federal constitutional rights were violated as a result of ineffective assistance of his appellate counsel, on account of his appellate counsel's failure to claim, on his direct appeal, that his federal constitutional right to due process of law was violated by the lack of a "mere presence" jury instruction.

2A. Grow's federal constitutional rights were violated because there was insufficient evidence presented at trial to support his conviction.

2B. Grow's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move for a directed verdict or for a judgment of acquittal.

3A. Grow's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move to exclude evidence regarding a piece of felt found in his vehicle.

3B. Grow's federal constitutional rights were violated as a result of the admission of evidence at trial regarding a piece of felt found in his vehicle.

4A. Grow's federal constitutional rights were violated as a result of evidence of prior bad acts.

4B. Grow's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to adequately object to introduction of evidence of prior bad acts.

5A. Grow's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move to exclude evidence regarding a photograph found on his mobile telephone.

*///*

3

  5B. Grow's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move to exclude evidence regarding a container containing methamphetamine.

  6. Grow's federal constitutional rights were violated as a result of the cumulative effect of the alleged errors.

(*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

  On February 2, 2018, Respondents filed a motion to dismiss (ECF No. 13), arguing that none of Grow's claims have been exhausted in state court, and that certain of his claims are not cognizable in this federal habeas corpus action. Grow filed an opposition to the motion to dismiss (ECF No. 17) on April 2, 2018. Respondents filed a reply (ECF No. 20) on May 2, 2018.

## III. DISCUSSION

### A. Exhaustion of State Court Remedies

  A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

### 1. Ground 1A

  In Ground 1A of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to request a jury instruction consistent with *Champion*. (*See*

4

Petition for Writ of Habeas Corpus (ECF No. 7).) *Champion* is a 1971 Nevada Supreme Court opinion in which the court held that, under certain circumstances, a criminal defendant is entitled to a jury instruction concerning an addict-informer's testimony. 490 P.2d at 543.

Grow did not assert this claim of ineffective assistance of his trial counsel on either his direct appeal or the appeal in his state habeas action. (*See* Fast Track Statement, Exh. 55 (ECF No. 15-19); Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Therefore, Ground 1A has not been exhausted in state court.

However, any attempt to assert this claim in state court now, by means of a second state habeas petition, would be procedurally barred, as an untimely and successive petition. *See* NRS § 34.726, NRS § 34.810. Ground 1A, then, is subject to dismissal as procedurally defaulted, unless Grow can show cause and prejudice relative to the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, a petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rules. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Grow might argue that ineffective assistance of counsel in his state habeas action was cause for his procedural default of this claim. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*,

5

that "an attorney's negligence in a post-conviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8. The Court determines that an argument based on *Martinez* would raise the question of the merits of Ground 1A, and that, therefore, the matter of the procedural default of the claim will be better addressed after Respondents file an answer.

The Court will therefore deny Respondents' motion to dismiss with respect to Ground 1A, without prejudice to Respondents asserting the procedural default defense to the claim, along with their position on the merits of the claim, in their answer.

### 2. Ground 1B

In Ground 1B of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to request a "mere presence" jury instruction. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow did not assert this claim of ineffective assistance of his trial counsel on his direct appeal or the appeal in his state habeas action. (*See* Fast Track Statement, Exh. 55 (ECF No. 15-19); Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Therefore, like Ground 1A, Ground 1B is unexhausted in state court.

However, here again, the claim would be procedurally barred if asserted now in state court, so the procedural default doctrine applies. As this is a claim of ineffective assistance of trial counsel, Grow could argue that ineffective assistance of counsel in his state habeas action caused the procedural default. That argument is intertwined with the merits of the claim, such that it will be better addressed after Respondents file an answer. The Court will therefore deny Respondents' motion to dismiss with respect to Ground 1B,

without prejudice to Respondents asserting the procedural default defense, along with their position on the merits of the claim, in their answer.

### 3. Ground 1C

In Ground 1C of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his appellate counsel, on account of his appellate counsel's failure to claim, on his direct appeal, that his federal constitutional right to due process of law was violated by the lack of a jury instruction consistent with *Champion*. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow did not assert this claim of ineffective assistance of his appellate counsel on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Ground 1C is likewise unexhausted in state court.

If asserted now in state court, Ground 1C would be procedurally barred, as untimely and successive. *See* NRS § 34.726, NRS § 34.810. Therefore, the claim is technically exhausted, but procedurally defaulted. Here though, as this is a claim of ineffective assistance of appellate counsel, as opposed to trial counsel, *Martinez* does not apply, and ineffective assistance of counsel in Grow's state habeas action would not function as cause for the procedural default. *See Davila v. Davis*, 137 S. Ct. 2058, 2062–66 (2017) (holding that *Martinez* does not apply to claims of ineffective assistance of direct appeal counsel). Therefore, Ground 1C will be dismissed as procedurally defaulted.

### 4. Ground 1D

In Ground 1D of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his appellate counsel, on account of his appellate counsel's failure to claim, on his direct appeal, that his federal constitutional right to due process of law was violated by the lack of a "mere presence" jury instruction. (See Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow did not assert this claim of ineffective assistance of his appellate counsel on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Therefore, Ground 1D is unexhausted in state court.

If asserted now in state court, Ground 1D would be procedurally barred, as untimely and successive. *See* NRS § 34.726, NRS § 34.810. Therefore, as with Ground 1C, this claim is technically exhausted, but procedurally defaulted. Here again, however, as this is a claim of ineffective assistance of appellate counsel, as opposed to trial counsel, *Martinez* does not apply, and ineffective assistance of counsel in Grow's state habeas action would not function as cause for the procedural default. *See Davila*, 137 S. Ct. at 2062-66 (holding that *Martinez* does not apply to claims of ineffective assistance of direct appeal counsel). Therefore, Ground 1D will be dismissed as procedurally defaulted.

### 5. Ground 2A

In Ground 2A of his habeas petition, Grow claims that his federal constitutional rights were violated because there was insufficient evidence presented at trial to support his conviction. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow asserted this claim on his direct appeal. (*See* Fast Track Statement, Exh. 55 at 14–16 (ECF No. 15-19 at 15–17).) Ground 2A is exhausted in state court. The Court will deny Respondents' motion to dismiss with respect to Ground 2A.

### 6. Ground 2B

In Ground 2B of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move for a directed verdict or for a judgment of acquittal. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow did not assert this claim of ineffective assistance of his trial counsel on either his direct appeal or the appeal in his state habeas action. (*See* Fast Track Statement, Exh. 55 (ECF No. 15-19); Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Ground 2B is unexhausted in state court.

However, this claim would be procedurally barred if asserted now in state court, so the procedural default doctrine applies. As this is a claim of ineffective assistance of trial counsel, Grow could argue that ineffective assistance of counsel in his state habeas action caused the procedural default. That argument is intertwined with the merits of the

1 claim, such that it will be better addressed after Respondents filed an answer. The Court
2 will, therefore, deny Respondents' motion to dismiss with respect to Ground 2B, without
3 prejudice to Respondents asserting the procedural default defense, along with their
4 position on the merits of the claim, in their answer.

### 7. Ground 3A

In Ground 3A of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move to exclude evidence regarding a piece of felt found in his vehicle. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow did not assert this claim of ineffective assistance of his trial counsel on either his direct appeal or the appeal in his state habeas action. (*See* Fast Track Statement, Exh. 55 (ECF No. 15-19); Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Ground 3A is thus unexhausted in state court.

However, this claim would be procedurally barred if asserted now in state court, so the procedural default doctrine applies. As this is a claim of ineffective assistance of trial counsel, Grow could argue that ineffective assistance of counsel in his state habeas action caused the procedural default. That argument is intertwined with the merits of the claim, such that it will be better addressed after Respondents file an answer. The Court will therefore deny Respondents' motion to dismiss with respect to Ground 3A, without prejudice to Respondents asserting the procedural default defense, along with their position on the merits of the claim, in their answer.

### 8. Ground 3B

In Ground 3B of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of the admission of evidence at trial regarding a piece of felt found in his vehicle. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow asserted a similar claim relating to the admission of evidence regarding the felt on his direct appeal. (*See* Fast Track Statement, Exh. 55 at 16–19 (ECF No. 15-19 at 17–20).) However, there, Grow did not claim a violation of his federal constitutional rights.

9

1    In his briefing of that claim on his direct appeal, Grow claimed that his "due process rights … to a fair trial" were violated. (*See id.* at 19 (ECF No. 15-19 at 20).) That, however, is insufficient for exhaustion. "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

In his briefing of the claim on his direct appeal, Grow cited *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). (*See* Fast Track Statement, Exh. 55, p. 18 (ECF No. 15-19 at 19).) However, the *Youngblood* case did not involve the question of a constitutional violation stemming from the admission of evidence, and Grow did not cite it in support of a claim of such a violation. Grow's citation of *Youngblood* was not such as to alert the state court that he claimed a federal constitutional violation as a result of the admission of evidence regarding the felt.

Ground 3B was not exhausted in state court. If asserted now in state court, Ground 3B would be procedurally barred, as untimely and successive. *See* NRS § 34.726, NRS § 34.810. Therefore, this claim is technically exhausted, but procedurally defaulted. As this is not a claim of ineffective assistance of trial counsel, *Martinez* does not apply. Grow asserts no argument to overcome the procedural default. Therefore, Ground 3B will be dismissed as procedurally defaulted.

### 9.     Ground 4A

In Ground 4A of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of evidence of prior bad acts. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow asserted a similar claim regarding prior bad act evidence on his direct appeal. (*See* Fast Track Statement, Exh. 55 at 19–21 (ECF No. 15-19 at 20–22).) However, there, Grow did not claim a violation of his federal constitutional rights.

///

In his briefing of the claim on his direct appeal, Grow claimed that his "due process rights … to a fair trial" were violated. (*See id.* at 19 (ECF No. 15-19 at 20).) Here again, though, that is insufficient for exhaustion. *See Hiivala*, 195 F.3d at 1106. Moreover, in his briefing of the claim on his direct appeal, Grow cited no federal authority.

Ground 4A was not exhausted in state court. If asserted now in state court, Ground 4A would be procedurally barred, as untimely and successive. *See* NRS § 34.726, NRS § 34.810. Therefore, this claim is technically exhausted, but procedurally defaulted. As this is not a claim of ineffective assistance of trial counsel, *Martinez* does not apply. Grow asserts no argument to overcome the procedural default. Therefore, Ground 4A will be dismissed as procedurally defaulted.

### 10. Ground 4B

In Ground 4B of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to adequately object to introduction of evidence of prior bad acts. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow did not assert this claim of ineffective assistance of his trial counsel on either his direct appeal or the appeal in his state habeas action. (*See* Fast Track Statement, Exh. 55 (ECF No. 15-19); Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Ground 4B is unexhausted in state court.

However, this claim would be procedurally barred if asserted now in state court, so the procedural default doctrine applies. As this is a claim of ineffective assistance of trial counsel, Grow could argue that ineffective assistance of counsel in his state habeas action caused the procedural default. That argument is intertwined with the merits of the claim, such that it will be better addressed after Respondents file an answer. The Court will therefore deny Respondents' motion to dismiss with respect to Ground 4B, without prejudice to Respondents asserting the procedural default defense, along with their position on the merits of the claim, in their answer.

///

### 11. Ground 5A

In Ground 5A of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move to exclude evidence regarding a photograph found on his mobile telephone. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow did not assert this claim of ineffective assistance of his trial counsel on his direct appeal or the appeal in his state habeas action. (See Fast Track Statement, Exh. 55 (ECF No. 15-19); Appellant's Opening Brief, Exh. 100 (ECF No. 16-29).) Therefore, Ground 5A is unexhausted in state court.

However, this claim would be procedurally barred if asserted now in state court, so the procedural default doctrine applies. As this is a claim of ineffective assistance of trial counsel, Grow could argue that ineffective assistance of counsel in his state habeas action caused the procedural default. That argument is intertwined with the merits of the claim, such that it will be better addressed after Respondents file an answer. The Court will therefore deny Respondents' motion to dismiss with respect to Ground 5A, without prejudice to Respondents asserting the procedural default defense, along with their position on the merits of the claim, in their answer.

### 12. Ground 5B

In Ground 5B of his habeas petition, Grow claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure to move to exclude evidence regarding a container containing methamphetamine. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

Grow asserted this claim on the appeal in his state habeas action. (*See* Appellant's Opening Brief, Exh. 100 at 4–7 (ECF No. 16-29 at 8–11).)

Respondents argue that Grow has changed his presentation of this claim in federal court—by adding allegations concerning the photograph found on his telephone and admitted into evidence—such that it is unexhausted in state court. (*See* Motion to Dismiss (ECF No. 13 at 8).) A claim is unexhausted if, in federal court, it is fundamentally altered

1 such as to place it in a significantly different and stronger evidentiary posture than when the state court considered it. *See Dickens v. Ryan*, 740 F.3d 1302, 1318–19 (9th Cir. 2014) (en banc). The Court determines that Grow has not fundamentally altered this claim in federal court.

Ground 5B is exhausted in state court. The Court will deny Respondents' motion to dismiss with respect to Ground 5B.

### 13. Ground 6

In Ground 6 of his habeas petition, Grow claims that the cumulative effect of the errors in his case deprived him of his rights to due process of law and a fair trial in violation of his federal constitutional rights. (*See* Petition for Writ of Habeas Corpus (ECF No. 7).)

This cumulative error claim is exhausted and not procedurally defaulted to the extent that Grow's other claims are exhausted and not procedurally defaulted. Therefore, Respondents' motion to dismiss will be denied relative to Ground 6.

### B. Cognizability of Claims

The Court declines to address, on this motion to dismiss, Respondents' arguments that certain of Grow's claims are not cognizable in this federal habeas corpus action. Those arguments will be better addressed in conjunction with the merits of the claims. Respondents may assert these same arguments, where appropriate, in their answer.

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 13) is granted in part and denied in part. Grounds 1C, 1D, 3B and 4A of the habeas petition (as those claims are described above) are dismissed. In all other respects, Respondents' motion to dismiss is denied.

It is further ordered that Respondents are to file an answer, responding to the claims remaining in the habeas petition, within 90 days from the date of this order. After Respondents file their answer, Petitioner will have 90 days to file a reply.

///

///

DATED THIS 6th day of August 2018.

MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE